Filed 9/24/25  P. v. Rathsamy CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F088608 |
| Plaintiff and Respondent, | (Super. Ct. No. F24901212) |
| v. | |
| SONESAY RATHSAMY, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Conness A. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Meehan, J. and Snauffer, J.

## INTRODUCTION

Appellant and defendant Sonesay Rathsamy (appellant) was convicted after a jury trial of possession of a firearm by a felon (Pen. Code,[1] § 29800, subd. (a)(1)) and sentenced to three years in prison.  On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We affirm.

## FACTS

On February 14, 2024, Officer John Romo of the California Highway Patrol was assigned as an investigator on the auto theft detail.  Romo and his team of four officers drove unmarked vehicles that were equipped with lights and sirens.  Romo was wearing plain clothes and a tactical vest that displayed his badge and stated "POLICE" in large letters on the front and back.

Around 1:30 p.m., Romo was on patrol and observed a silver BMW X-5 vehicle parked on the street.  A license plate check indicated the BMW had been reported stolen.  Romo initially did not see anyone around the parked vehicle but continued to watch the BMW, and saw appellant get into the driver's seat and drive away.  Romo did not see anyone else enter the BMW.

Romo and his team followed appellant as he drove the BMW for several blocks.  Appellant turned into a dead-end street and stopped.  Romo and his team attempted to place their vehicles around the BMW to block any escape.  At least two officers on Romo's team activated the flashing lights on their vehicles.  However, appellant was able to maneuver the BMW through a small space between the team's vehicles and drove away.

Romo and his team resumed following the BMW in their vehicles, and at least two officers activated lights and sirens on their vehicles as they followed.  Appellant

---

[1]   All further statutory citations are to the Penal Code.

drove through a stop sign and gained distance from Romo and the other officers. Romo closed the distance to the BMW, and appellant suddenly stopped in the middle of the street. Appellant jumped over the BMW's center console, climbed out of the front passenger door, fell down, got up, and ran to a nearby apartment complex.

Romo pulled into the apartment complex's driveway and kept watching appellant. As appellant ran through the complex, both his arms were pumping up and down at his sides. Romo testified that as appellant ran by a bush and a palm tree he stopped pumping his arms; he hunched down and tucked his hands toward the front of his belt area. Appellant then raised both arms above his head as he went by a patio that was near the bush and palm tree. The patio was attached to an apartment, and the fence around it was low enough so that something could be dropped over the top.

Romo got out of his vehicle and pursued appellant on foot. Appellant kept running, and his arms were again pumping up and down at his sides. Romo shouted " 'Police, stop' " at least twice, but appellant continued to run. Appellant ran for about 100 feet, and then dropped to the ground. Romo placed appellant in handcuffs and escorted him to another officer.

Romo immediately retraced appellant's route from the BMW to the location of his apprehension. Romo entered the patio that appellant ran by, and found a black semiautomatic handgun on the ground, within "throwing distance" of the location where appellant raised his arms. There was one nine-millimeter round chambered in the firearm. The firearm was fully operable, but it was a "ghost gun" without a serial number and untraceable.

Romo found a Glock magazine lying on the ground outside the patio and near the palm tree. The magazine was outside of the patio fence, and about 10 feet from the location where appellant tucked his hands into his belt area. The magazine contained 11 rounds of nine-millimeter ammunition. A single nine-millimeter round was lying on the ground near the magazine, and might have fallen out of it. The magazine fit the

3.

firearm found on the patio ground, and the round loaded into the firearm matched the ammunition in the magazine.

The resident who lived in the apartment attached to the patio testified that he had lived there with his family for several years, no one in his family had ever owned, possessed, or used a firearm, and they had not left the firearm inside the patio or the magazine and bullet on the ground outside the patio.

## PROCEDURAL BACKGROUND

On July 11, 2024, after a jury trial, appellant was convicted as charged of felony possession of a firearm by a felon, and misdemeanor resisting, obstructing, or delaying a peace officer (§ 148, subd. (a)(1)). He admitted aggravating factors that his prior convictions were numerous or of increasing seriousness, and he served a prior term in prison or county jail (Cal. Rules of Court, rules 4.421(b)(2) & 4.421(b)(3)).

On August 8, 2024, appellant was sentenced to the upper term of three years for possession of a firearm by a felon, with credit for time served for the misdemeanor.

On September 6, 2024, appellant filed a timely notice of appeal.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court on May 27, 2025. Attached to the brief was appellate counsel's declaration that counsel advised appellant that the *Wende* brief was being filed on his behalf, and he had the right to submit a supplemental brief. That same day, this court issued its letter to appellant inviting him to file a supplemental brief. This court's letter was returned as undeliverable because appellant had been discharged from custody and there was no current address for him. Appellate counsel also did not have a current address. After additional attempts, the letters were again returned as undeliverable.

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

4.

## DISPOSITION

The judgment is affirmed